UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MOHSEN KHAZIRI,

    Plaintiff,

v.

CALIBER HOME LOANS, INC.,

    Defendant.

Case No. 17-cv-01639 NC

**ORDER GRANTING CALIBER'S MOTION TO DISMISS WITH LEAVE TO AMEND**

Re: Dkt. No. 21

Plaintiff Mohsen Khaziri brings this case for intentional interference with prospective economic relations, violations of the California Homeowner Bill of Rights, and under California Unfair Competition Law. Defendant Caliber Home Loans, Inc. moves to dismiss Khaziri's complaint. Because the Court finds Khaziri has failed to state any claim, the Court GRANTS Caliber's motion to dismiss WITH LEAVE TO AMEND.

## I. BACKGROUND

Khaziri purchased a home in 2004. Dkt. No. 19 at 4. Khaziri alleges that when he entered into the home loan, the terms of the loan were explained to him by his Persian real estate agent, in his native Farsi. *Id*. Per Khaziri, he "always represented" to his agent that he sought a fixed rate mortgage loan including fixed payments, and his agent told him the loan documents he was signing were consistent with his request. *Id*.

Until January 2015, Khaziri's loan payments were approximately $1,800 per month. *Id*. at 5. However, in January 2015, Khaziri's monthly payment jumped to approximately

Case No. 17-cv-01639 NC

1  $5,000 per month. *Id*. Eventually, Khaziri was unable to make his loan payments, and on
2  or about November 16, 2016, a notice of default was recorded against his property. *Id*.
3  According to Khaziri, he decided that rather than lose his home, he would sell it in a
4  private transaction. *Id*.

According to Khaziri, his mortgage loan has been, and is serviced by, Caliber during the relevant time period in this case. *Id*. at 3. In January 2017, Khaziri alleges he called Caliber's customer service line to inform it that he wanted to sell his home, to which the representative stated that Khaziri needed to have his real estate agent call Caliber's agent-only line. *Id*. Allegedly, no mention of a foreclosure date was made during that call. *Id*. Per Khaziri, at this time, he had an offer pending on his property and a scheduled closing day. *Id*. Khaziri's agent later contacted the agent-only line, providing the listing and escrow numbers for the property, and Caliber allegedly designated a specific person of contact for future correspondence. *Id*.

Khaziri alleges that weeks later, he contacted Caliber to inform that he had secured a buyer and was in escrow. *Id*. According to Khaziri, Caliber's representative's response was: "You better sell as soon as you can. Our foreclosure department has their own rules." *Id*. Khaziri alleges that he reminded Caliber that he was trying to sell his property to avoid foreclosure, but was told that Caliber had a right to foreclose. *Id*. at 5-6. Days later, Caliber allegedly recorded a notice of trustee's sale on his property, and when Khaziri's private buyer learned of these circumstances, the buyer cancelled the sale. *Id*. at 6. "In backing out of the sale, the buyer specifically cited, in writing, issues with title and upcoming foreclosure sale as the rationale for not moving forward with the purchase." *Id*.

Khaziri initially filed this lawsuit in Santa Clara County Superior Court on March 7, 2017. Dkt. No. 1-1. Caliber timely removed this case to federal court on March 27, 2017. Dkt. No. 1. Caliber moves to dismiss Khaziri's complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 21. Both parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 6, 13.

Case No. 17-cv-01639 NC                 2

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. DISCUSSION

Caliber moves to dismiss each of Khaziri's claims.

### A. Khaziri Fails to State an Intentional Interference With Prospective Economic Relations Claim.

Caliber argues Khaziri cannot state a claim because he cannot allege intentional acts by Caliber designed to disrupt Khaziri's sale, and because he cannot show that Caliber's alleged interference was wrongful by some other measure beyond the interference itself. Dkt. No. 21 at 5.

The elements of intentional interference with prospective economic advantage are: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the

Case No. 17-cv-01639 NC          3

relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Youst v. Longo*, 43 Cal. 3d 64, 71 n.8 (1987) (citation omitted); *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 378 (1995) (treating interference with prospective economic advantage as the same tort as interference with prospective economic relations). A plaintiff must show "that the defendant's interference was wrongful 'by some measure beyond the fact of the interference itself.'" *Della Penna*, 11 Cal. 4th at 393. However, in pleading the third element of this claim, a plaintiff need not allege specific intent; the plaintiff "may alternately plead that the defendant knew that the interference was certain or substantially certain to occur as a result of its action." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1154 (2003).

Here, four elements of this claim are readily satisfied by Khaziri's allegations: (1) Khaziri had an economic relationship with his prospective buyer; (2) Caliber knew of the relationship, because it knew that Khaziri was in escrow with his buyer; (3) Caliber actually disrupted the sale of the property by recording the notice of trustee's sale; and (4) Caliber caused Khaziri economic harm by causing the sale to fall through by recording the notice of trustee's sale. *Youst*, 43 Cal. 3d at 71 n.8. The element in controversy is: "intentional acts on the part of the defendant designed to disrupt the relationship." *Id*.

The Court finds Khaziri has not satisfied this element because he had not pled facts in the amended complaint showing that Caliber "knew that the interference was certain or substantially certain to occur as a result of its action." *Korea Supply Co.*, 29 Cal. 4th at 1154. Khaziri may not cut corners by asking the Court to make inferences as to the ramifications of his allegations or by adding additional facts in the opposition to Caliber's

motion to dismiss.[1] *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("new" allegations contained in an opposition are irrelevant for Rule 12(b)(6) purposes). However, because from the opposition, it appears that Khaziri may be able to amend his complaint to state a claim for intentional interference with prospective economic relations, *Lopez*, 203 F.3d at 1127, the Court GRANTS the motion to dismiss this claim WITH LEAVE TO AMEND.

**B.  Homeowner Bill of Rights Claims**

   **1.  Khaziri Failed to State a Claim Under Cal. Civil. Code § 2923.7(a).**

Caliber moves to dismiss Khaziri's claims for violations of the California Civil Code § 2923.7. In relevant part, § 2923.7 provides:

> (a) Upon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact.
>
> (b) The single point of contact shall be responsible for . . .
> . . . .
>
> > (5) Having access to individuals with the ability and authority to stop foreclosure proceedings when necessary.
>
> (c) The single point of contact shall remain assigned to the borrower's account until the mortgage servicer determines that all loss mitigation options offered by, or through, the mortgage servicer have been exhausted or the borrower's account becomes current.
> . . . .
>
> (e) For purposes of this section, "single point of contact" means an individual or team of personnel each of whom has the ability and authority to perform the responsibilities described in subdivisions (b) to (d), inclusive. The mortgage servicer shall

---

[1] The Court notes that Khaziri attached a declaration in support of his opposition to the motion to dismiss. The Court will not consider it on a Rule 12(b)(6) motion. *Ramirez v. United Airlines Inc.*, 416 F. Supp. 2d 792, 795 (N.D. Cal. 2005) ("materials outside of the pleadings ordinarily are not considered on a motion to dismiss"); *Acasio v. San Mateo Cty.*, No. 14-cv-04689 JSC, 2015 WL 8752982, at *1 (N.D. Cal. Dec. 15, 2015). However, the Court finds that contrary to Caliber's assertions in its reply, the declaration of Sarah Madani does not necessarily contradict the allegations in the complaint or those in the opposition to Caliber's motion. Thus, amendment of the complaint would not necessarily be futile.

Case No. 17-cv-01639 NC                5

> ensure that each member of the team is knowledgeable about the borrower's situation and current status in the alternatives to foreclosure process.

As to Khaziri's claim that he was not assigned a single point of contact (Claim 2), the Court finds he has not stated a claim that he was not assigned such a contact. Though Khaziri was not required to specifically request a single point of contact, he was required to request a foreclosure alternative to trigger Caliber's duty to appoint a contact. *Green v. Cent. Mortg. Co.*, 148 F. Supp. 3d 852, 874 (N.D. Cal. 2015). He failed to allege that he made such a request, though he did allege facts that he was harmed by not being assigned a single point of contact. Dkt. No. 19 at 8-9 ("Defendant violated this provision in or around January 2017, by failing to provide Plaintiff with a single point of contact and, instead, Plaintiff was left with the Caliber customer service line as a whole as his single point of contact"). Thus, this claim is DISMISSED WITH LEAVE TO AMEND.

### 2. Khaziri Does Not State a Claim Under Cal. Civil. Code § 2923.7(b).

As to Claim 3, for a violation of § 2923.7(b), the Court finds Khaziri fails to state a claim. If Khaziri alleges that he did not have a single point of contact *at all*, he may not subsequently allege that he *did* have a single point of contact, and that the point of contact was ineffective. Khaziri apparently alleges that his real estate agent was assigned a point on contact on his account, and that this point of contact did not stop the foreclosure proceedings. *Id.* at 9. It does not appear from the pleadings that the point of contact from the agent-only line was a single point of contact as defined by § 2923.7(e), but the Court cannot assume it was not. Though the Court finds that Khaziri fails to state a claim under § 2923.7(b), because it is possible that this claim could be amended to state a claim— perhaps by clarifying the relationship between claims 2 and 3—the Court does not find that amendment would be futile at this time. *Lopez*, 203 F.3d at 1127.

Thus, the Court DISMISSES Khaziri's § 2923.7(b) claim WITH LEAVE TO AMEND.

### C. Khaziri Fails to State a Claim Under California's Unfair Competition Law.

Caliber moves to dismiss Khaziri's claim under California's Unfair Competition

Case No. 17-cv-01639 NC 6

Law, Business & Professions Code § 17200.

Section 17200 prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The Court notes that the only allegations in the complaint as to violations of § 17200 concern the "unlawful" prong. An unlawful business practice under § 17200 encompasses "anything that can properly be called a business practice and that at the same time is forbidden." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (internal quotation marks omitted). Section 17200 "borrows violations of other laws and treats them as unlawful practices," and makes those legal violations "independently actionable." *Id*. Here, Khaziri has not stated a claim on any of his other claims for relief. Thus, his claim under California's Unfair Competition Law is also DISMISSED WITH LEAVE TO AMEND.

## IV. CONCLUSION

The Court GRANTS Caliber's motion to dismiss WITH LEAVE TO AMEND. Khaziri must move for leave to file an amended complaint, with the amended complaint attached to the motion, by August 3, 2017.

**IT IS SO ORDERED.**

Dated: July 13, 2017

_____
NATHANAEL M. COUSINS
United States Magistrate Judge