UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHSEN KHAZIRI,<br><br>Plaintiff,<br><br>v.<br><br>CALIBER HOME LOANS, INC.,<br><br>Defendant. | Case No. 17-cv-01639 NC<br><br>**ORDER GRANTING SECOND MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 45 |

In this mortgage foreclosure case, Caliber Home Loans, Inc. moves to dismiss Mohsen Khaziri's second amended complaint. The Court granted Caliber's earlier motion to dismiss, but gave Khaziri leave to amend. Khaziri amended his complaint, and Caliber again moves to dismiss all of his claims.[1] The Court will not revisit its description of the facts of this case because the parties are aware of this case's procedural posture, and the reader is directed to the Court's July 13, 2017, order for further factual background.

For the reasons stated below, the claims for violation of the California Homeowner Bill of Rights are DISMISSED WITH PREJUDICE. The claims for intentional interference with prospective economic relations and under the California Unfair Competition Law are DISMISSED WITH LEAVE TO AMEND.

**I.  LEGAL STANDARD**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal

---

[1] Both parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 6, 13.

Case No. 17-cv-01639 NC

sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## II. DISCUSSION

Caliber moves to dismiss Khaziri's second amended complaint in its entirety.

### A. The Court Dismisses Khaziri's Intentional Interference With Prospective Economic Relations Claim.

Caliber reiterates its earlier argument that Khaziri cannot state a claim for intentional interference with prospective economic relations because he cannot allege intentional acts by Caliber designed to disrupt Khaziri's sale or acts that are wrongful by some measure beyond the interference itself. Dkt. No. 45 at 6. Khaziri opposes Caliber's motion to dismiss this claim because, he argues, this claim is sufficiently pled.

The elements of intentional interference with prospective economic advantage are: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the

Case No. 17-cv-01639 NC       2

plaintiff proximately caused by the acts of the defendant." *Youst v. Longo*, 43 Cal. 3d 64, 71 n.8 (1987) (citation omitted); *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 378 (1995) (treating interference with prospective economic advantage as the same tort as interference with prospective economic relations). A plaintiff must show "that the defendant's interference was wrongful 'by some measure beyond the fact of the interference itself.'" *Della Penna*, 11 Cal. 4th at 393. An act is independently wrongful "if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1159 (2003). However, in pleading the third element of this claim, a plaintiff need not allege specific intent; the plaintiff "may alternately plead that the defendant knew that the interference was certain or substantially certain to occur as a result of its action." *Id.* at 1154.

The Court previously dismissed Khaziri's claim because, although it satisfied elements 1, 2, and 4 of intentional interference with prospective economic advantage, it did not satisfy the third element: "intentional acts on the part of the defendant designed to disrupt the relationship." Khaziri amended his complaint in accordance with the Court's order, alleging:

> 37. However, merely days after being informed of the profitable transaction and substantial equity in the property, Defendant began actively foreclosing on the Property. Plaintiff alleges that Defendant's action was an intentional act by Defendant to interfere with Plaintiff's private sale of the property so it could resell the property and obtain the profit Plaintiff stood to obtain through his transaction.
>
> 38. At the time of its conduct, Defendant knew that its actions in actively foreclosing on Plaintiff's property was certain, or substantially certain, to disrupt Plaintiff's private sale of the Property.

Dkt. No. 40 (Second Amended Compl.). When read in the context of all of Khaziri's factual allegations regarding Caliber's knowledge, the Court finds these facts sufficient to overcome Caliber's argument, notwithstanding Caliber's protest that Khaziri merely "recite[s] the buzzwords of *Korea*." Dkt. No. 45 at 7. The Court rejects Caliber's

Case No. 17-cv-01639 NC           3

assertion that the Court cannot reasonably infer from Khaziri's allegation that Caliber knew that recording a Notice of Default would disrupt Khaziri's sale of the property. *Id.*

Caliber also moves to dismiss because the recording of the Notice of Trustee's Sale was privileged. *Id.* Khaziri counters that his claim "is not premised specifically on the recording of the Notice of Trustee's Sale but, rather, on Defendant's active pursuit of foreclosure during the pendency of Plaintiff's pending sale and interference with contract." Dkt. No. 47 at 12. Khaziri specifically alleges that Caliber acted with malice, and that its actions "were calculated to injure Plaintiff." Dkt. No. 40 at 8-9. "[M]alice is defined as actual malice, meaning that the publication was motivated by hatred or ill will towards the plaintiff or by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 336 (2008) (citations and internal quotation marks omitted). The Court finds that by alleging that Caliber's action "were calculated to injure," Khaziri sufficiently alleged that Caliber acted with ill will, and thus, malice. These allegations are sufficient to overcome Caliber's arguments that its recording of the Notice of Trustee's Sale was privileged for purposes of a motion to dismiss.

Lastly, Caliber moves to dismiss because Khaziri has not pled that Caliber's interference was "wrongful by some measure beyond the fact of the interference itself." Dkt. No. 45 at 7. The Court did not reach this issue in its earlier order, instead dismissing this claim because Khaziri did not sufficiently allege a wrongful act. The second amended complaint does not provide a proscribed "constitutional, statutory, regulatory, common law, or other determinable legal standard" that was violated. *Korea Supply Co.*, 29 Cal. 4th at 1159. Khaziri again uses his opposition to Caliber's motion to add facts to allege that Caliber committed some wrongful act beyond the interference itself. Dkt. No. 47 at 11. This is unacceptable. *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("new" allegations contained in an opposition are irrelevant for Rule 12(b)(6) purposes, and a court may not consider them). Khaziri's new arguments as to this issue are that: (1) he was seeking to save his home from foreclosure to secure another

Case No. 17-cv-01639 NC 4

living arrangement, and (2) the California Homeowner Bill of Rights (HBOR). Dkt. No. 47 at 11. These bare-bones allegations are insufficient. If Khaziri wants to make an argument that Caliber violated the HBOR by interfering with his home sale, and that is the wrongful act beyond the interference itself, Khaziri must be far more specific. The Court will give Khaziri a final opportunity to amend his complaint to cure any deficiencies in this claim. This claim is DISMISSED WITH LEAVE TO AMEND.

### B. California Civil Code § 2923.7

Caliber moves to dismiss Khaziri's claims under the California Homeowner Bill of Rights, Cal. Civ. Code § 2923.7(b) and (e). Khaziri opposes the motion.

#### 1. The Court Dismisses Khaziri's Civil Code § 2923.7(b)(5) Claim.

Caliber moves to dismiss Khaziri's claim under § 2923.7(b) as being a conclusory recitation of the statute. Dkt. No. 45 at 9. In addition, Caliber argues that this claim should be dismissed because Khaziri failed to show that a single point of contact (SPOC) was required to halt foreclosure proceedings just because a homeowner believes the status of his or her account requires a halt to foreclosure proceedings. *Id.*

Subsection (b)(5) provides that the single point of contact is responsible for "[h]aving access to individuals with the ability and authority to stop foreclosure proceedings when necessary." Cal. Civ. Code § 2923.7(b)(5). The relevant factual allegations on this claim are: "on February 13, 2017, the status of [Khaziri's] account warranted a stop to foreclosure proceedings and that his assigned point of contact either failed to have access to the individual with the ability and authority to stop foreclosure proceedings when necessary or failed to inform the individual that the status of [Khaziri's] account warranted a stop to foreclosure proceedings." Dkt. No. 40 at 9.

Neither party presents the Court with any legal authority to support their positions. The statute requires some unpacking. First, the Court observes that it is undisputed that Khaziri had a SPOC, and was entitled to one. This SPOC was any one of a number of individuals on the agent line. *Id.* at 9. Under section 2923.7(a), a single point of contact is established when a borrower requests a foreclosure prevention alternative. A foreclosure

Case No. 17-cv-01639 NC  5

prevention alternative is "a first lien loan modification or another available loss mitigation option." Cal. Civ. Code § 2920.5(b). In its review of the case law on this statute, the Court did not come across another case where the foreclosure prevention alternative was the private sale of a home. However, the spirit of the Homeowner Bill of Rights suggests that the private sale of the defaulted-on home would be included as a foreclosure prevention alternative. Cal. Civ. Code § 2923.4(a) ("The purpose of the act . . . is to ensure that, as part of the nonjudicial foreclosure process, borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options, if any, offered by or through the borrower's mortgage servicer, such as loan modifications *or other alternatives to foreclosure*." (emphasis added)).

What is missing in Khaziri's complaint is some factual allegation to support his claim that his SPOC did not have access to individuals with the ability and authority to halt his foreclosure. The Court is not required to accept a conclusory and bare assertion unaccompanied by any factual support. *In re Gilead*, 536 F.3d at 1055. Indeed, Khaziri's allegation that his agent called Caliber and was told that Khaziri better sell his home as soon as he could and that Caliber's foreclosure department had their own rules suggests that his SPOC *did* have access to the people with the ability and authority to halt foreclosures. Dkt. No. 40 at 6. Based on the plain meaning of the words in the statute, Khaziri has not stated a claim under § 2923.7(b)(5).

Because the Court previously gave leave to amend this claim, and because the allegations in the complaint specifically undermine this claim, Khaziri's § 2923.7(b)(5) claim is DISMISSED WITH PREJUDICE.

### 2. The Court Dismisses Khaziri's Civil Code § 2923.7(e) Claim.

In his amended complaint, Khaziri added a claim for violations of Cal. Civil Code § 2923.7(e). Caliber moves to dismiss this claim because Khaziri failed to allege any fact that his SPOC was not knowledgeable about the status of his mortgage. Dkt. No. 45 at 9.

Civil Code § 2923.7(e) provides that a mortgage servicer must ensure that each SPOC or a team of personnel who have the ability and authority to take on the duties of a

Case No. 17-cv-01639 NC 6

1  SPOC "is knowledgeable about the borrower's situation and current status in the
2  alternatives to foreclosure process." Cal. Civ. Code § 2923.7(e). Khaziri's only relevant
3  factual allegation is that Ms. Madani, his agent, asked Caliber whether there was a
4  foreclosure sale scheduled or anticipated for the property, "but received no response."
5  Dkt. No. 40 at 11. Importantly, Khaziri does not allege that Caliber said it did not know
6  whether a foreclosure sale was occurring or gave him incorrect information. The Court
7  agrees with Caliber that this claim is unacceptably vague and does not give Caliber fair
8  notice of what Khaziri claims. Likewise, Khaziri does not allege that his SPOC was not
9  knowledgeable about his situation, but rather that his SPOC failed to inform him that a
10 foreclosure sale was anticipated. This is not the right claim for Khaziri to be making in
11 this case. The Court DISMISSES WITH PREJUDICE Khaziri's claim under § 2923.7(e).

Khaziri's claims under the California Homeowner Bill of Rights are DISMISSED WITH PREJUDICE.

### C. The Court Dismisses Khaziri's UCL Claim.

The amended complaint alleges claims under the unfair and unlawful prongs of the UCL. Dkt. No. 40 at 12. Caliber moves to dismiss this claim, and Khaziri opposes Caliber's motion.

Section 17200 prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Khaziri alleges Caliber engaged in unlawful and unfair practices. A practice may be considered "unfair" even if it is not unlawful. *Id.* However, as other courts have noted, the precise meaning of "unfair" practices is "in flux." *Hodsdon v. Mars, Inc.*, 162 F. Supp. 3d 1016, 1026 (N.D. Cal. 2016); *see also Pirozzi v. Apple, Inc.*, 966 F. Supp. 2d 909, 922 (N.D. Cal. 2013). There is no set definition for what an unfair practice is, but there are several definitions that various California appellate courts have offered over time. Two meanings are: (1) that "a business practice 'unfair' when it 'offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers,'" and (2) that an unfair practice claim "'be tethered to some specific constitutional, statutory, or regulatory

Case No. 17-cv-01639 NC        7

provisions.'" *Hodsdon*, 162 F. Supp. 3d at 1026 (quoting *S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 886-87 (1999) and *McVicar v. Goodman Global, Inc.*, 1 F. Supp. 3d 1044, 1054 (C.D. Cal. 2014)).

An unlawful business practice encompasses "anything that can properly be called a business practice and that at the same time is forbidden." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (internal quotation marks omitted). Section 17200 "borrows violations of other laws and treats them as unlawful practices," and makes those legal violations "independently actionable." *Id.*

As to the "unfair" prong, Khaziri argues that Caliber's alleged interference with his home sale was unfair, but provides no factual support as to why this is the case. Dkt. No. 40 at 12. Khaziri's opposition to Caliber's motion is unilluminating because it lumps its intentional interference allegations with its allegations of "unlawful" conduct. Dkt. No. 47 at 17. Khaziri proffers two meanings of "unfair" in the second amended complaint, but then does not apply these meanings to the facts of his case. Khaziri alleges that to state a claim under the unfair prong, he must show that the practice undermines a legislatively declared policy or threatens competition, or that it impact on the victim outweighs the reasons, justifications, and motives of the wrongdoer. Dkt. No. 40 at 12. Those are indeed two tests for the "unfair" prong of the UCL, but they do Khaziri no good if his complaint is devoid of allegations that either test applies.

Khaziri once again impermissibly seeks to add facts to his complaint via his opposition brief. Khaziri argues that "[t]he allegations set forth herein demonstrate that Defendant failed to uphold the adopted California Homeowner Bill of Rights, which was adopted to ensure that borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options." *Id.* Though Khaziri erroneously cites to a different Civil Code section, the statute Khaziri refers to in his opposition is California Civil Code § 2923.4. Whether or not that statute supports a UCL claim under the "unfair" prong of the UCL is not properly before the Court. It may be that Khaziri can bring a claim under the unfair prong, but that issue requires further consideration and substantial

Case No. 17-cv-01639 NC   8

clarification by Khaziri in amending his complaint.

Caliber also argues that the Court should dismiss this claim because Khaziri cannot plead that he lost money as a result of Caliber's actions. Dkt. No. 48 at 8. The Court disagrees. Khaziri sufficiently alleged for purposes of a 12(b)(6) motion that Caliber interfered with his profitable home sale so that it could later sell the home at a profit. However, the Court does agree that Khaziri impermissibly requests damages under the UCL. Only restitution and injunctive relief are available under the UCL. *Cel-Tech*, 20 Cal. 4th at 179. Non-restitutionary disgorgement of the type requested here is not available. *Korea Supply Co.*, 29 Cal. 4th at 1148. Khaziri must cure these deficiencies.

Lastly, as to the "unlawful" prong of the UCL, this claim is dismissed because Khaziri has not successfully pled any freestanding claim upon which an "unlawful" practice may hang. *Cel-Tech*, 20 Cal. 4th at 180. As to the "unfair" prong, the claim is likewise dismissed because it was not sufficiently pled. Thus, the Court DISMISSES the UCL claim WITHOUT PREJUDICE.

## III. CONCLUSION

For the reasons stated above, the Court GRANTS Caliber's motion to dismiss. This dismissal is WITH PREJUDICE as to the Homeowner Bill of Rights claims, and WITHOUT PREJUDICE as to the intentional interference and UCL claim.

Khaziri may not add new claims or parties in the third amended complaint, which must be filed by November 28, 2017. Because the Court is conscious of the likelihood that Caliber will once again bring a motion to dismiss, the Court warns Khaziri that it will not consider new facts alleged outside of the complaint.

**IT IS SO ORDERED.**

Dated: November 14, 2017

NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 17-cv-01639 NC          9