United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHSEN KHAZIRI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIBER HOME LOANS, INC.,<br><br>　　　　Defendant. | Case No. 17-cv-01639 NC<br><br>**ORDER GRANTING CALIBER'S THIRD MOTION TO DISMISS WITH PREJUDICE**<br><br>Re: Dkt. No. 62 |

This is the third motion to dismiss filed in this mortgage foreclosure case. Defendant Caliber Home Loans, Inc. moves to dismiss plaintiff Mohsen Khaziri's complaint. The operative complaint contains claims for intentional interference with prospective economic relations and under California's Unfair Competition Law. The Court granted Caliber's earlier motions to dismiss, but gave Khaziri leave to amend. The Court will not revisit its description of the facts of this case because the parties are aware of this case's procedural posture, and the reader is directed to the Court's July 13, 2017, and November 14, 2017, orders for further factual and legal background.[1] For the reasons stated below, the third amended complaint is DISMISSED WITH PREJUDICE.

## I. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a

---

[1] Both parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 6, 13.
Case No. 17-cv-01639 NC

1   motion to dismiss, all allegations of material fact are taken as true and construed in the
2   light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-
3   38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are
4   merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re
5   Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need
6   not allege detailed factual allegations, it must contain sufficient factual matter, accepted as
7   true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,
8   550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw
9   the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft
10  v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## II. DISCUSSION

### A. The Claim For Intentional Interference With Prospective Economic Relations is Dismissed with Prejudice.

Caliber again moves to dismiss Khaziri's intentional interference with prospective economic relations claim because he cannot allege intentional acts by Caliber designed to disrupt Khaziri's sale, or acts that are wrongful by some measure beyond the interference itself. Dkt. No. 62 at 6. Khaziri opposes Caliber's motion.

The elements of intentional interference with prospective economic advantage are: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Youst v. Longo*, 43 Cal. 3d 64, 71 n.8 (1987) (citation omitted); *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 378 (1995) (treating interference with prospective economic advantage as the

Case No. 17-cv-01639 NC         2

same tort as interference with prospective economic relations). A plaintiff must show "that the defendant's interference was wrongful 'by some measure beyond the fact of the interference itself.'" *Della Penna*, 11 Cal. 4th at 393.

An act is independently wrongful "if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1159 (2003). These standards must "provide for, or give rise to, a sanction or means of enforcement for a violation of the particular rule or standard that allegedly makes the defendant's conduct wrongful." *Stevenson Real Estate Servs., Inc. v. CB Richard Ellis Real Estate Servs., Inc.*, 138 Cal. App. 4th 1215, 1223 (2006); *Hendrickson v. Octagon Inc.*, 225 F. Supp. 3d 1013, 1032 (N.D. Cal. 2016) (applying *Stevenson*); *see also Razmco & Assocs., Inc. v. BB & T Ins. Servs. of California, Inc.*, No. D066296, 2016 WL 519868, at *5 (Cal. Ct. App. Feb. 9, 2016) ("Particularly relevant to the case at issue, the interference also must amount to 'independently actionable conduct.'" (quoting *Korea Supply Co.*, 29 Cal. 4th at 1159)).

Here, there is no allegation that Caliber's alleged interference with Khaziri's home sale violated some constitutional provision, statute, regulation, the common law, or some other legal standard, such that the violation would be independently actionable. The Court has allowed Khaziri to amend his complaint three times. In its last order, the Court warned Khaziri that it would not look favorably upon further amendment of this claim. The Court concludes, therefore, that further amendment of this claim would be futile. *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) ("futile amendments should not be permitted" (citation omitted)). Thus, the Court GRANTS Caliber's motion to dismiss the intentional interference claim WITH PREJUDICE.

**B.    The UCL Claim is Dismissed with Prejudice.**

Caliber also moves to dismiss Khaziri's UCL claim under the unlawful and unfair prongs.

Section 17200 prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. A practice may be considered "unfair" even if

Case No. 17-cv-01639 NC              3

it is not unlawful. *Id.* However, as other courts have noted, the precise meaning of "unfair" practices is "in flux." *Hodsdon v. Mars, Inc.*, 162 F. Supp. 3d 1016, 1026 (N.D. Cal. 2016); *see also Pirozzi v. Apple, Inc.*, 966 F. Supp. 2d 909, 922 (N.D. Cal. 2013). There is no set definition for what an unfair practice is, but there are several definitions that various California appellate courts have offered over time. Two meanings are: (1) that "a business practice 'unfair' when it 'offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers,'" and (2) that an unfair practice claim "'be tethered to some specific constitutional, statutory, or regulatory provisions.'" *Hodsdon*, 162 F. Supp. 3d at 1026 (quoting *S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 886-87 (1999) and *McVicar v. Goodman Global, Inc.*, 1 F. Supp. 3d 1044, 1054 (C.D. Cal. 2014)). The first approach "requires courts to 'examine the practice's impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer.'" *Id.* (quoting *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012)).

An unlawful business practice encompasses "anything that can properly be called a business practice and that at the same time is forbidden." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (internal quotation marks omitted). Section 17200 "borrows violations of other laws and treats them as unlawful practices, and makes those legal violations "independently actionable." *Id.*

Under the first test for unfairness, the Court considers whether Caliber's conduct "offends an established public policy," or was "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Hodsdon*, 162 F. Supp. 3d at 1026 (citations omitted). The Court finds that Khaziri's allegations of Caliber purposefully interfering with his private sale by recording the Notice of Trustees' Sale was arguably unscrupulous, and injurious to consumers. *Id.* Moreover, the impact on Khaziri of losing the property and equity outweighs Caliber's assertion that it had a right to foreclose and file the Notice of Trustees' Sale under the circumstances.

Yet the first test for unfairness is disfavored as being "too amorphous," *Cel-Tech*,

Case No. 17-cv-01639 NC  4

20 Cal. 4th at 185, and many California court have opted to use the second test instead. *Gregory v. Albertson's, Inc.*, 104 Cal. App. 4th 845, 854 (2002); *Graham v. Bank of Am., N.A.*, 226 Cal. App. 4th 594, 613 (2014). The Court will also follow this line of cases.

Under the second test, "the public policy triggering the violation must be tethered to a constitutional or statutory provision or a regulation carrying out statutory policy." *Cel-Tech*, 20 Cal. 4th at 185. Here, the public policy is not explicitly stated in the complaint, but it appears to be that of allowing homeowners a meaningful opportunity to obtain loss mitigation options. Dkt. No. 58 at 10-11. Khaziri cites the preamble of the Homeowner Bill of Rights, Cal. Civ. Code § 2923.6(b), as the tethering statutory provision. That section states: "It is the intent of the Legislature that the mortgage servicer offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority." Cal. Civ. Code § 2923.6(b). That section deals with a loan modification or a workout plan, not a private sale of a home. While § 2923.6(b) might be "tethered" to the policy of allowing homeowners a meaningful opportunity to keep their homes, the allegations in the complaint are too different, and too divorced from § 2923.6(b) to survive this motion.

Lastly, because Khaziri does not state a claim for intentional interference, he cannot state a claim under the unlawful prong of the UCL. *Cel-Tech*, 20 Cal. 4th at 180. Thus, the UCL claim is DISMISSED WITH PREJUDICE.

## III. CONCLUSION

Khaziri thrice amended his complaint. Given the liberality with which the Court granted leave to amend, the Court must now conclude that further amendment would be futile. The Court GRANTS Caliber's motion to dismiss the third amended complaint WITH PREJUDICE. The Court will enter judgment accordingly.

**IT IS SO ORDERED.**

Dated: January 30, 2018

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 17-cv-01639 NC          5